# EXHIBIT A



**RXT / ALL**
**Transmittal Number: 22454602**
**Date Processed: 12/18/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | John DiCalogero |
| | HMSHost Corporation |
| | 6905 Rockledge Dr |
| | Bethesda, MD 20817-1828 |

| | |
|---|---|
| **Electronic copy provided to:** | Philip Fletcher |
| | Teresa Blazewicz |
| | Darryl Franklin |

| | |
|---|---|
| **Entity:** | Host International, Inc. |
| | Entity ID Number  0537179 |
| **Entity Served:** | Host International, Inc. |
| **Title of Action:** | Karla Schroeder vs. Host International, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 20STCV37525 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/17/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Alan Harris |
| | 323-962-3777 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**COPY**

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)* **BY FAX**

| |
|---|
| FOR COURT USE ONLY |
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOST INTERNATIONAL, INC., a Delaware Corporation; DIANA FLORES, an individual; and DOE 1 through and including DOE 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KARLA SCHROEDER, individually and on behalf of all others similarly situated,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 30 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse | *(Número del Caso):* |
| 111 North Hill Street | **20STCV37525** |
| Los Angeles CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ALAN HARRIS 655 N. CENTRAL AVE, 17TH FLOOR,  GLENDALE CA 91203 Tel: (323) 962.3777

| | | | | |
|---|---|---|---|---|
| DATE: SEP 3 0 2020 | SHERRI R. CARTER | Clerk, by | **Kristina Vargas** | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☒ on behalf of *(specify):*  **Host International, Inc., a Delaware Corporation** |
| | under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☒ by personal delivery on (date): 12-17-2020 |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

# COPY

Alan Harris (SBN 146079)
David Garrett (SBN 160274)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
harrisa@harrisandruble.com
mgal@harrisandruble.com
dgarrett@harrisandruble.com

Attorneys for Plaintiff Karla Schroeder

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 30 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

KARLA SCHROEDER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HOST INTERNATIONAL, INC., a Delaware Corporation; DIANA FLORES, an individual; and DOE 1 through and including DOE 50,

Defendants.

Case No: **20STCV37525**

**CLASS ACTION COMPLAINT**

1. Cal. Lab. Code § 203 Continuing Wages

2. Cal. Lab. Code § 226(a), Failure to Provide Compliant Wage Statements

3. Cal. Lab. Code §§ 226.7, 512 and Wage Order, Failure to Provide Meal Breaks

4. Cal. Lab. Code § 226.7 and Wage Order, Failure to Provide Rest Breaks

5. Cal. Lab. Code § 510, and 1194 Failure to Provide Pay Proper Overtime

6. Cal. Lab. Code §§ 1194 and 1198 Failure to Provide Pay Proper Minimum Wages

7. Cal. Lab. Code §§ 204, 210, Timely Wages

8. Cal. Lab. Code § 2802, Failure to Reimburse Business Expenses

9. Cal. Lab. Code § 226(b), Payroll Records

10. Cal. Bus & Prof. Code §§ 17200 *et seq.* – Restitution

11. Cal. Lab. Code §§ 2698 et seq., PAGA

**JURY TRIAL DEMANDED**

1    Plaintiff Karla Schroeder ("Schroeder" or "Plaintiff"), by and through her undersigned attorneys,

2    alleges as follows:

3                                    **JURISDICTION AND VENUE**

4          1.      This Complaint will be amended as a law enforcement action under the California Labor

5    Code Private Attorneys General Act ("PAGA"), seeking unpaid wages, damages, civil penalties,

6    statutory penalties and attorneys' fees and costs. Plaintiff has provided statutory notice to the California

7    Labor and Workforce Development Agency ("LWDA") of the claims set forth in this Complaint and to

8    Defendants. Upon expiration of the statutory period, Plaintiff will amend the Complaint to assert a claim

9    for relief under PAGA on behalf of all those similarly situated.

10         2.      Venue as to Defendants is proper in this judicial district, pursuant to California Code of

11   Civil Procedure sections 395(a) and 395.5. Defendants maintain an office, transact business, have an

12   agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for

13   purposes of service of process. The violations of the PAGA alleged herein had a direct effect on and

14   were committed within the State of California, impacting Plaintiff and the Aggrieved Employees.

15         3.      Emergency Rule 9 as promulgated by the Judicial Council of California provides:

16   "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that

17   exceed 180 days are tolled from April 6, 2020, until October 1, 2020." The Advisory Committee

18   Comment notes that: "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on

19   the filing of a pleading in court asserting a civil cause of action."

20                                         **THE PARTIES**

21         4.      Plaintiff Schroeder is an individual, who, during the time periods relevant to this

22   Complaint, was and is a resident of the County of Los Angeles, State of California.

23         5.      Defendant Diana Flores ("Flores") is an individual who worked at Host and at all relevant

24   times her, resided within the County of Los Angeles.

25         6.      Defendant Host International, Inc. ("Host") also known as "HMSHost" is a Delaware

26   Corporation, which at all times relevant herein, conducted business within the County of Los Angeles,

27   State of California.

28         7.      Defendant Host International, Inc. is a temporary service employer within the meaning of

1    Labor Code § 201.3, and Defendant does not fall within any of the exceptions for the payment of wages

2    to its employees. Defendant employed Plaintiff and Class Members who worked for food service

3    establishments inside an airport. On a regular and consistent basis, for all Class Members employed by

4    Defendants, Defendants have failed to comply with Labor Code section 201.3.

5         8.    Defendants Doe One through and including Doe Fifty are sued herein under the

6    provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true

7    names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously named

8    defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when

9    finally ascertained.  Plaintiff is informed, believes and thereupon alleges that each of the fictitiously

10   named Defendants is an entity, which during the relevant time period maintained a place of business in

11   the County of Los Angeles of the State of California. Defendants Host, Flores and Does One through

12   and including Doe Fifty are hereinafter collectively referred to as Defendants.

13        9.    Plaintiff is informed and believes and thereon allege that all defendants, including the

14   fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible

15   agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all

16   acts alleged herein occurred within the course and scope of said agency, employment, partnership, and

17   joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge,

18   consent authorization and ratification of their co-defendants; however, each of these allegations are

19   deemed "alternative" theories whenever not doing so would result in a contradiction with other

20   allegations

21                            **GENERAL ALLEGATIONS**

22        10.   Defendants employed Plaintiff as a new server and/or lounge assistant in or about April

23   of 2019. Plaintiff was not paid for all hours worked and was not paid for all hours worked such as

24   minimum and overtime hours.

25        11.   Plaintiff and Class Members were not provided proper meal periods and rest breaks. Some

26   breaks were simply not provided at all. Plaintiff and Class Members were not permitted to leave the

27   immediate premises for a meal break.

28        12.   On or around April of 2019, Plaintiff was constructively discharged. Although Plaintiff

1   should have been paid in full for her accrued wages and meal and rest break wages immediately, she

2   was not then and there paid the full amount of wages owing to her.  Plaintiff and Class Members have as

3   of the date of filing of this Complaint not been fully compensated for work performed for the

4   Defendants.

5        13.     At all relevant times mentioned herein, Wage Order 5 of the California Industrial Welfare

6   Commission applied to Plaintiff and Class Members.  In part, the Wage Order reflects employer

7   obligations regarding hours and days of work, reporting time pay, records, meal periods and rest periods

8   (obligations which the employer, here, failed to fulfill, both with respect to Plaintiff and Class

9   Members).  The Wage Order provides, in relevant part:

10   **3. Hours and Days of Work.**
(A) Daily Overtime - General Provisions

11   (1)  The following overtime provisions are applicable to employees 18 years of age or
over and to employees 16 or 17 years of age who are not required by law to attend school

12   and are not otherwise prohibited by law from engaging in the subject work. Such
employees shall not be employed more than eight (8) hours in any workday or more than

13   40 hours in any workweek unless the employee receives one and one-half (1 ½) times
such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

14   Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in
any workday or more than six (6) days in any workweek is permissible provided the

15   employee is compensated for such overtime at not less than:
(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked

16   in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for
the first eight (8) hours worked on the seventh (7th) consecutive day of work in a

17   workweek; and
(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours

18   in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th)
consecutive day of work in a workweek.

19   (c) The overtime rate of compensation required to be paid to a nonexempt full-time
salaried employee shall be computed by using the employee's regular hourly salary as

20   one fortieth (1/40) of the employee's weekly salary.
**7. Records.**

21   (A) Every employer shall keep accurate information with respect to each employee
including the following:

22   (1) Full name, home address, occupation and social security number.

23   (2) Birth date, if under 18 years, and designation as a minor.
(3) Time records showing when the employee begins and ends each work period. Meal

24   periods, split shift intervals and total daily hours worked shall also be recorded. Meal
periods during which operations cease and authorized rest periods need not be recorded.

25   (4) Total wages paid each payroll period, including value of board, lodging, or other
compensation actually furnished to the employee.

26

27

28

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request. . .
. . .

**11. Meal Periods.**
(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

(C) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

(D) Notwithstanding any other provision of this order, employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods. In order to be valid, any such waiver must be documented in a written agreement that is voluntarily signed by both the employee and the employer. The employee may revoke the waiver at any time by providing the employer at least one day's written notice. The employee shall be fully compensated for all working time, including any on-the-job meal period, while such a waiver is in effect.

**12. Rest Periods.**
(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes

net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

Cal. Code of Regs., tit. 8, § 11120 ("Wage Order 5").

14.    At all times relevant herein, section 201 of the California Labor Code (the "Code") provided in part:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. An employer who lays off a group of employees by reason of the termination of seasonal employment in the curing, canning, or drying of any variety of perishable fruit, fish, or vegetables, shall be deemed to have made immediate payment when the wages of said employees are paid within a reasonable time as necessary for computation and payment thereof; provided, however, that the reasonable time shall not exceed 72 hours, and further provided that payment shall be made by mail to any employee who so requests and designates a mailing address therefor.

Plaintiff was constructively discharged but not immediately paid for all earned wages at the time of discharge. Upon information and belief, Class Members were also not paid immediately upon discharge or within 72 hours of separation under Code section 202.

15.    At all relevant times mentioned herein, section 203 of the Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Code § 203. By failing to pay Plaintiff and Class Members all wages when due at termination, Plaintiff and Class Members are entitled to continuing wages pursuant to section 203 of the California Labor Code.

16.    At all times relevant herein, section 204 of the California Labor Code provided in part:

All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor

performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.

17.     In no event should Plaintiff or Class Members have been paid later than the time periods established by sections 201, 202 or 204 of the California Labor Code, but certain payments have yet to be made, all leading to penalties and civil penalties under sections 203 and 204 of the California Labor Code.

18. At all times relevant herein, section 210 of the California Labor Code provided:
In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210. Further, the Defendants' policy has been to devote insufficient resources to the payroll accounting function, with the inevitable result that employees are routinely paid in tardy fashion, in violation of sections 203 and 204 of the Code, and otherwise in violation of the Code.

19.     Labor Code sections 226.7, 512 and the Wage Order require an employer to pay an additional hour of compensation for each meal period or rest break the employer fails to provide.

20.     Here, Defendants failed to apprise all Class Members of their rights associated with meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of failing to pay employees 1 hour of pay at the employees regular rate of compensation for each workday in which a proper meal break was not provided. At all relevant times mentioned herein, section 226.7 of the California Labor Code provided:

(a)  As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness.
(b)  An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.
(c)  If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the

7
COMPLAINT

1  employee's regular rate of compensation for each workday that the meal or rest or
   recovery period is not provided.

2  Cal. Lab. Code § 226.7. Plaintiff was provided neither proper meal nor rest breaks when she

3  worked.

4      21.    At all relevant times mentioned herein, section 226 of the Code provided:

5  (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish
6  each of his or her employees, either as a detachable part of the check, draft, or voucher
   paying the employee's wages, or separately when wages are paid by personal check or
7  cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours
   worked by the employee, except for any employee whose compensation is solely based
8  on a salary and who is exempt from payment of overtime under subdivision (a) of Section
9  515 or any applicable order of the Industrial Welfare Commission, (3) the number of
   piece rate units earned and any applicable piece rate if the employee is paid on a piece-
10  rate basis, (4) all deductions, provided, that all deductions made on written orders of the
   employee may be aggregated and shown as one item, (5) net wages earned, (6) the
11  inclusive dates of the period for which the employee is paid, (7) the name of the
   employee and his or her social security number, except that by January 1, 2008, only the
12  last four digits of his or her social security number or an employee identification number
13  other than a social security number may be shown on the itemized statement, (8) the
   name and address of the legal entity that is the employer, and (9) all applicable hourly
14  rates in effect during the pay period and the corresponding number of hours worked at
   each hourly rate by the employee.  The deductions made from payments of wages shall
15  be recorded in ink or other indelible form, properly dated, showing the month, day, and
   year, and a copy of the statement or a record of the deductions shall be kept on file by the
16  employer for at least three years at the place of employment or at a central location within
17  the State of California.
   . . . .
18  (e) An employee suffering injury as a result of a knowing and intentional failure by an
   employer to comply with subdivision (a) is entitled to recover the greater of all actual
19  damages or fifty dollars ($50) for the initial pay period in which a violation occurs and
20  one hundred dollars ($100) per employee for each violation in a subsequent pay period,
   not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an
21  award of costs and reasonable attorney's fees.
   . . . .
22  (g) An employee may also bring an action for injunctive relief to ensure compliance with
   this section, and is entitled to an award of costs and reasonable attorney's fees.
23
   Code § 226. Defendants employed Plaintiff and Class Members, but, in all cases, Defendants failed to
24
   provide them with the data required by section 226(a) of the Code:
25
     a.  No wage statement provided, among other required information, the "gross wages earned".
26
     b.  No tally of the "total hours worked by the employee" and each applicable hourly rate was
27
       provided.
28

c. No wage statement provided the "inclusive dates of the period for which the employee is paid".

d. No wage statement provided the "the rate of pay and the total hours worked for each temporary services assignment."

All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and Class Members insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

22.   At all relevant times mentioned herein, section 510(a) of the California Labor Code provided:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Cal. Lab. Code § 510.

23.   Class Members were not timely paid proper overtime wages to which they were entitled in violation of Code §§ 510 and 1194.  Both late payment and nonpayment of overtime wages for all hours worked violates the overtime wage statute.  Defendants are subject to the civil penalties for which provision is made in Code § 558 by failing to pay each Class Member their overtime wages.

24.   At all relevant times mentioned herein, section 1194 of the Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Code § 1194.

25.   At all relevant times mentioned herein, section 2802 of the California Labor Code provided in part:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of

9
COMPLAINT

his or duties . . . .
> (b) All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing rights granted by this section.

Cal. Lab. Code § 2802.

26.    At all relevant times mentioned herein, section 558 of the California Labor Code provided:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558. Defendants are the employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the California Labor Code referenced herein.

27.    At all relevant times mentioned herein, section 558.1 of the California Labor Code provided:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated,  any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.
> (c) Nothing in this section shall be construed to limit the definition of employer under existing law.

Cal. Lab. Code § 558.1.  Defendants are the joint employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the Code referenced herein. Defendants directly and/or indirectly controlled the Class Members' wages, working conditions and

10
COMPLAINT

1  hours.

2  **CLASS-ACTION ALLEGATIONS**

3  28.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class

4  action pursuant to section 382 of the Code of Civil Procedure.  Plaintiffs seek to represent a "203 Class"

5  composed of and defined as follows:

6      For the period from April 5, 2016 to the mailing of class notice, all persons paid wages on
       account of services provided for Defendant Host in California (such persons are referred to
7      hereafter as 203 Class Members, and such period is referred to hereafter as the 203 Class Period).

8  Further, Plaintiffs seek to represent a "226 Class" composed of and defined as follows:

9      For the period from April 5, 2019 to the mailing of class notice, all persons paid wages on
       account of services provided for Defendant Host in California  (such persons are referred to
10     hereafter as 226 Class Members, and such period is referred to hereafter as the 226 Class Period).

11  37.     This action has been brought and may be properly maintained as a class action under the

12  provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of

13  interest in the litigation and the proposed Class is easily ascertainable.

14  38.     Defendants, as to Plaintiff and Class Members, failed to pay all accrued overtime for all

15  hours worked pursuant to sections 510, 515 and 1194 of the Code.  Accordingly, each Plaintiff and Class

16  Member is entitled to payment of his or her unpaid overtime and interest as well as reimbursement of

17  their attorneys' fees and reasonable costs.

18  39.     Defendants, as to Plaintiff and Class Members, also failed to accurately provide the data

19  required by section 226(a) of the Code and, accordingly, Defendants' failure to provide such data

20  entitles Plaintiff and each Class Member to either actual damages or statutory liquidated damages,

21  whichever is greater.

22  40.     Defendants, as to Plaintiff and Class Members, failed to timely compensate the workers

23  as required by sections 201, 202, 203 and 204 of the Code and, accordingly, Defendants' failure to make

24  timely payment entitles Plaintiff and each Class Member to statutory damages.

25  41.     Defendants, as to Plaintiff and Class Members, failed to provide meal and rest breaks as

26  required by sections 226.7, 512 of the Code and Wage Order 5, and, accordingly, Defendants' failure to

27  provide meal and rest breaks entitles Plaintiff and Class Members to either actual damages or statutory

28  damages, whichever is greater.

**A. Numerosity**

42.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants employed during the relevant time periods at least ninety workers in the State of California.  The number of Class Members is great, but not so great as to make the class unmanageable.  It therefore is impractical to join each Class Member as a named plaintiff.  Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

43.     Despite the size of the proposed Class, the Class Members are readily ascertainable through an examination of the records that Defendants are required by law to keep.  Likewise, the dollar amount owed to each Class Member is readily ascertainable by an examination of those same records.

**B. Commonality**

44.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

      a.  Whether Defendants failed to pay all wages in a timely fashion upon the discharge of their workers, all in violation of sections 201, 202 and 203 of the Code.

      b.  Whether Defendants' failure to provide accurate itemized wage statements to their workers violates section 226.

      c.  Whether Defendants failed to provide meal breaks to their workers.

      d.  Whether Defendants failed to provide rest breaks to their workers.

      e.  Whether Defendants failed to pay proper minimum wages to their workers under Code sections 1194 and 1194.2.

      f.  Whether Defendants failed to pay proper overtime wages to their workers Production under Code sections 510, 515 and 1194.

**C. Typicality**

45.     There is a well-defined community of interest in the questions of law and fact common to the Class Members.

46.     The claims of the named Plaintiff are typical of the claims of the Class, which claims all arise from the same general operative facts, namely, Defendants did not compensate its employees as required by the Code and applicable Wage Order.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein. Plaintiff has no conflict of interest with the other Class Members and are able to represent the Class Members' interests fairly and adequately.

**D.  Adequacy of Representation**

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Counsel who represent Plaintiff are competent and experienced in litigation large employment class actions.  Neither Plaintiff nor her counsel have any conflict with the Class.

**E.  Superiority of Class Action**

48.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay hourly wages, failing to pay overtime wages, failing to provide Class Members rest and meal periods without legal compensation.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be construed in the management of this action that would preclude its maintenance as a class action. The disposition of all claims of the members of the Class in a class action, rather than in individual actions, benefits the parties and the Court.  The interest of the Class Members in controlling the prosecution of separate claims against Defendants is small when compared with the efficiency of a class action.

**FIRST CAUSE OF ACTION**
(Continuing Wages, California Labor Code §§ 201, 202, 203
On Behalf of Plaintiff and the 203 Class Against All Defendants)

49.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

50.     Defendants employed Plaintiff in or about April of 2019. Plaintiff was not paid all wages earned upon separation from employment.

51.     Defendants' failure to compensate Plaintiff and Class Members within the time for which provision is made by sections 201 and 202 of the California Labor Code, despite their knowledge of their obligation to do so, was and is "willful" as the word is used in section 203, demand for such wages having been made since the Production concluded in 2019.

52.     Pursuant to section 203 of the California Labor code, Plaintiff and Class Members are entitled to continuing wages from Defendants in an amount according to proof.  Plaintiff and Class Members are also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

**SECOND CAUSE OF ACTION**
(Failure to Provide Compliant Pay Stubs, Cal. Lab. Code § 226(a)
On Behalf of Plaintiff and the 226 Class Against Defendants)

53.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

54.     Defendants failed to provide Plaintiff and Class Members with wage statements conforming to the requirements of section 226(a) of the Code.

55.     The foregoing was intentional misconduct of Defendants that injured Plaintiff and Class Members insofar as they were deprived of information to which they were legally entitled, including but not limited to the name and address of the legal entity that is the employer, and all applicable rates of pay.

56.     The failure of Defendants to provide compliant wage statements violates section 226(a) of the Code.  The failure caused them injury by depriving them of information to which they are legally entitled.  Accordingly, Plaintiff and Class Members are entitled to damages in an amount according to

14
COMPLAINT

1  proof and costs and reasonable attorney's fees in accordance with the provisions of Code section 226(e),

2  all in a sum according to proof.

3

4  **THIRD CAUSE OF ACTION**
(Failure to Provide Meal Breaks, Cal. Lab. Code §§ 226.7 and 512 and Wage Order

5  On Behalf of Plaintiff and the 203 Class Against Defendants)

6      57.    Plaintiff incorporates by reference each and every allegation set forth in this Complaint as

7  though fully set forth herein.

8      58.    At all times herein relevant, Code §§ 226.7 and 512 require an employer to pay an

9  additional hour of compensation for each meal period the employer fails to provide. Employees are

10  entitled to a first meal period of at 30 minutes for shifts over 5 hours, to be provided within the first 5

11  hours of the shift, and a second meal period of at least 30 minutes for shifts over 10 hours. If an

12  employee is entitled to a second meal period, it must be provided after no more than 10 hours of work.

13  Defendants failed to maintain a policy informing all Aggrieved Employees of these rights.

14      59.    Defendants failed to apprise Plaintiff and Class Members of their rights associated with

15  meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of: (1)

16  requiring all workers to take late meal breaks that occurred after the first 5 hours of each shift; (2)

17  required Aggrieved Employees to work shifts over 10 hours without providing a second meal period of

18  30 minutes in length; and (3) failed to pay such employees 1 hour of pay at the employees regular rate of

19  compensation for each workday in which a proper meal break was not provided. Plaintiff and Class

20  Members were not permitted to leave the set of the Production for meal periods.

21      60.    Because Defendants failed to properly provide the proper meal periods, it is liable

22  to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the

23  proper meal periods were not provided.

24      61.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been

25  deprived of premium wages, and/or other compensation in amounts to be determined at trial, and are

26  entitled to recovery of such amounts, plus interest thereon, and costs.

27

28

**FOURTH CAUSE OF ACTION**
(Failure to Provide Rest Breaks, Cal. Lab. Code § 226.7 and IWC Wage Order )
On Behalf of Plaintiff and the 203 Class Against Defendants)

62.     Plaintiff incorporates by reference each and every allegation set forth in this Complaint as though fully set forth herein.

63.     At all times herein relevant, sections 226.7 of the California Labor Code and the IWC Wage Order provided that employees must receive rest periods of at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

64.     By its failure to provide required breaks to Plaintiff and Class Members, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Order 5.

65.     Plaintiff and Class Members were not permitted to leave the premises for any purported rest periods. They were required to be available via radio or cell phone at all times.

66.     Because Defendants failed to properly provide the proper rest breaks, it is liable to Plaintiff and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest breaks were not provided, pursuant to Labor Code section 226.7 and IWC Wage Order 5.

67.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of premium wages, and/or other compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, fees, and costs.

**FIFTH CAUSE OF ACTION**
(Damages for Unpaid Overtime Compensation,
California Labor Code §§ 510, 515, 558.1 and 1194
On Behalf of Plaintiff and the 203 Class Against All Defendants)

68.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

69.     During Plaintiff's employment by Defendants, Plaintiff, as well as Class Members, worked many hours, including overtime, without proper compensation for work performed, as required by law.

70.     Plaintiff and Class Members are entitled to recover such unpaid overtime under section 1194 of the California Labor Code in an amount according to proof.  Plaintiff and Class Members are

1    also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor

2    Code.

3                              **SIXTH CAUSE OF ACTION**
                           (Damages for Unpaid Minimum Wages,
4                       California Labor Code §§ 1194, 1194.2 and 1198
5                  On Behalf of Plaintiff and the 203 Class Against All Defendants)

6          71.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

7    Complaint as though fully set forth herein.

8          72.    Plaintiff and the Class Members, worked many hours for Defendants, without

9    compensation for work performed, as required by law. Both late payment and non-payment of minimum

10   wages violate the state statute requiring the payment of a minimum hourly wage.

11         73.    Plaintiff and Class Members are entitled to recover liquidated damages under section

12   1194.2 of the California Labor Code in an amount according to proof . Plaintiff and Class Members are

13   also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor

14   Code.

15                           **SEVENTH CAUSE OF ACTION**
                  (Untimely Wage During Employment, Cal. Lab. Code §§ 204 and 210
16                 On Behalf of Plaintiff and the 203 Class Against All Defendants)

17         74.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

18   Complaint as though fully set forth herein.

19         75.    Plaintiff was not compensated all of the minimum and overtime wages for Plaintiff's

20   work.

21         76.    Defendants failed to pay Plaintiffs and Aggrieved Employees all wages for a weekly

22   payroll period within 7 calendar days following the close of the payroll period in violation of Code §§

23   204(d) and 210. Plaintiffs and Aggrieved Employees were paid after the 7th day following the close of

24   the payroll period in violation of these statutes.

25         77.    Plaintiff contends that the failure of Defendants to make timely payments within the time

26   provided for has been and is "willful" within the meaning of such word as used in Section 210 of the

27   California Labor Code.

28

78.     Labor Code section 210 provides for a statutory penalty of $100 for each initial violation and $200 for each subsequent, or willful or intentional violation plus 25 percent of the amount unlawfully withheld.

79.     Plaintiff and Class Members are entitled to damages and statutory penalties of an amount to be proven at trial, and attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure.

## EIGHTH CAUSE OF ACTION
(Failure to Reimburse Necessary Expenses, Cal. Lab. Code §2802
On Behalf of Plaintiff and the 203 Class Against All Defendants)

80.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

81.     In discharge of their duties, Defendants required Plaintiff and Class Members to make purchases and/or rent equipment, supplies and personal protective equipment.

82.     Pursuant to section 2802 of the Labor Code, Plaintiff and Class Members are entitled to reimbursement of their out-of-pocket expenses from Defendants and damages in addition to interest thereon, attorney's fees and costs.

## NINTH CAUSE OF ACTION
(Failure to Provide Employment Records Upon Request Cal. Lab. Code § 226(b)
On Behalf of Plaintiff Against All Defendants)

83.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

84.     Pursuant to Labor Code section 226(b), an employer shall afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer.

85.     Plaintiff has requested that Defendants permit inspection or copying of Plaintiff's employment records pursuant to Labor Code section 226(b).  Defendants failed to provide Plaintiff employment records within 21 days of the requests.

86.     Pursuant to Labor Code Section 226(b) and (f), Plaintiff is entitled, and hereby seek to recover from Defendants a seven-hundred-fifty dollar ($750) penalty, reasonable attorney's fees, and the costs of bringing this cause of action.

**TENTH CAUSE OF ACTION**
(Unfair Business Practices Business and Professions Code section 17200 *et seq.*
On Behalf of Plaintiff and the 203 Class Against Defendants)

87.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

88.     Business and Professions Code section 17200 *et seq.* prohibits acts of unfair competition, including any "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff alleges that Defendants engaged in unfair business practices in California by the above-described failure to timely pay all wages due including overtime wages.

89.     Defendants' violation of California wage and hour laws as herein articulated constitutes a business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff.

90.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during the relevant time period herein at the expense of Plaintiff and the Class Members and members of the public. Defendants should be made to disgorge its ill-gotten gains and to restore them to Plaintiff and Class Members.

The actions of Defendants entitle Plaintiff to seek the remedies available under section 17200 *et seq.* Plaintiff seeks full restitution of said amounts from Defendants, as necessary and according to proof, to restore any and all amounts—including interest—withheld, acquired, or converted by Defendants by means of the unfair practices complained of herein. Plaintiff, on behalf of herself, as well as on behalf of the general public, further seeks attorney's fees and costs pursuant to sections 218.5 of the Labor Code and 1021.5 of the Code of Civil Procedure. In addition, Plaintiff seeks the appointment of a receiver as necessary.

**ELEVENTH CAUSE OF ACTION**
(California Labor Code § 2698 et seq. Civil Penalties
(On Behalf of Plaintiff, the California Labor & Workforce Development Agency and Aggrieved
Employees Against All Defendants)

91.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

92.     Pursuant to section 2699.3(a)(1) of the Labor Code, on May 2, 2019, Plaintiff submitted Plaintiff's PAGA Claim Notice online to the California Labor and Workforce Development Agency ("LWDA") and notified the LWDA of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the theories set forth in the Complaint. On September 29, 2020, Plaintiff submitted an Amended PAGA Notice. For each submission was Plaintiff gave written notice by certified mail to Defendants.

93.     At all relevant times, California Labor Code section 2699.3(a)(2)(A) provided:

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to Paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to Paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A). After sixty-five (65) calendar days from the May 2, 2019, postmark date of the notice sent by Plaintiff, Plaintiff may "commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

94.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required.

95.     Plaintiff seeks to bring a representative action on behalf of herself and the State of California as well as on behalf of a group of Aggrieved Employees defined as: Plaintiff and/or other persons who performed services as nonexempt workers in California for Defendants during the period from one year prior to the filing of the PAGA Notice until this case is resolved ("Aggrieved Employees").

96.     Plaintiff will seek civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

1. **Failure to provide payroll records in violation of Code § 226(b).**

Employers must afford current and former employees the right to inspect or copy the records pertaining to that current or former employee, upon reasonable request to the employer. Plaintiff has not been provided with an opportunity to inspect or copy all payroll records within 21 days of request. Upon information and belief, other Aggrieved Employees have requested their payroll records but have not been given access to them pursuant to section 226(b). Code § 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Code provisions for which a civil penalty is not specifically provided.

2. **Failure to timely pay wages during employment in violation of Code §§ 204 and 210.**

Aggrieved Employees were not compensated during their employment by the times prescribed by section 204 due to the failure to allocate sufficient resources to the payroll function. The failure of Defendants to make timely payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 210 of the Code.

Defendants failed to pay Plaintiffs and Aggrieved Employees all wages for a weekly payroll period within 7 calendar days following the close of the payroll period in violation of Code §§ 204(d) and 210. Plaintiffs and Aggrieved Employees were paid after the 7th day following the close of the payroll period in violation of these statutes.

Accordingly, each Aggrieved Employee who was not timely paid his or her timely wages during their employment is entitled to civil penalties. Code section 210 provides for a penalty of $100 for each initial violation and $200 for each subsequent, or willful or intentional violation plus 25 percent of the amount unlawfully withheld.

3. **Failure to pay wages and/or final wages in violation of Code §§ 201, 202 and 203.**

With respect to violations of Code §§ 201 and 202, the failure of Defendants to make final payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 203 of the Code. Code section 203 provides that if "an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

Here, Plaintiff and Aggrieved Employees were not timely paid all wages due upon their separation from Defendants' employ. For example, Plaintiff was not paid all accrued wages upon separation. As such, Defendants failed to pay Plaintiff and Aggrieved Employees all wages due at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter in violation of Code § 203.

Accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties. Code § 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Code provisions for which a civil penalty is not specifically provided.

4. **Failure to provide itemized wage statements in violation of Code § 226(a).**

Aggrieved Employees have not been provided a wage statement as required by Code section 226(a). The foregoing was the intentional misconduct of Defendants that was intended to mislead and injure Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled:

a. The wage statements failed to include, among other required information, the "gross wages earned" as it only shows the gross wages eventually paid.

b. The wages statements failed to include, among other required information, the "total hours worked by the employee" as it only shows the total hours eventually paid.

c. The wage statements failed to include, among other required information, the "inclusive dates of the period for which the employee is paid".

d. The wage statements failed to include, among other required information, the "the rate of pay and the total hours worked for each temporary services assignment"

Section 226(e) provides that any employee who suffers injury as a result of a knowing and intentional failure by the employer to comply with its obligation to provide wage statements containing all of the information referenced above is entitled to recover. Section 226.3 provides for a civil penalty of $250 per employee per violation in an initial violation and $1,000 per employee for each violation in a subsequent violation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

5.  **Failure to provide sick leave information under Code §§ 245.5 and 246.**

Code sections 245.5 and 246(i) provide that "[a]n employer shall provide an employee with written notice that sets forth the amount of paid sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either the employee's itemized wage statement described in Section 226 or in a separate writing provided on the designated pay date with the employee's payment of wages." Here, Defendants have systematically and intentionally failed to set forth the amount of sick leave available, or paid time off leave an employer provides in lieu of sick leave, on the itemized wage statements described in Section 226 that it issues to Plaintiff and all Aggrieved Employees.

Code § 248.5(e) provides "equitable relief on behalf of the aggrieved as may be appropriate to remedy the violation, including reinstatement, backpay, the payment of sick days unlawfully withheld, . . . any person or entity enforcing this article on behalf of the public as provided for under applicable state law shall, upon prevailing, be entitled only to equitable, injunctive, or restitutionary relief, and reasonable attorney's fees and costs."

6.  **Failure to furnish information under Code § 2810.5.**

Aggrieved Employees were entitled to certain information in writing at the time of hiring including, among other items, the following:
   a)  The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.
   b)  The regular payday designated by the employer in accordance with the requirements of this code.
   c)  The name of the employer, including any "doing business as" names used by the employer.
   d)  The physical address of the employer's main office or principal place of business, and a mailing address, if different.
   e)  The telephone number of the employer.
   f)  The name, address, and telephone number of the employer's workers' compensation insurance carrier.
   g)  That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

All Aggrieved Employees were not provided with all of the required information under Section 2810.5. Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

7.  **Failure to provide proper meal periods under Code § 226.7 and Wage Order § 11.**

Aggrieved Employees were not provided with timely meal periods in violation of Code section 226.7 and Applicable Wage Order section 11. For example, Plaintiff Schroeder worked over 5 or 10 hours in a day but was not provided with compliant meal breaks and was not otherwise compensated. Aggrieved Employees were not permitted to leave the premises for meal periods.

Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a first meal period of at 30 minutes for shifts over 5 hours, to be provided within the first 5 hours of the shift, and a second meal period of at least 30 minutes for shifts over 10 hours. If an employee is entitled to a second meal period, it must be provided after no more than 10 hours of work. Defendants failed to maintain a policy informing all

Aggrieved Employees of these rights.

Here, Defendants failed to apprise all Aggrieved Employees of their rights associated with meal periods and failed to provide timely meal periods. Defendants have had a consistent policy of: (1) requiring all Aggrieved Employees to take late meal breaks that occurred after the first 5 hours of each shift; (2) required Aggrieved Employees to work shifts over 10 hours without providing a second meal period of 30 minutes in length; and (3) failed to pay such employees 1 hour of pay at the employees regular rate of compensation for each workday in which a proper meal break was not provided.

Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

### 8. Failure to provide proper rest periods under Code § 226.7 and Wage Order § 12.

All Aggrieved Employees were not provided with timely rest periods in violation of Code section 226.7 and Applicable Wage Order section 12. Aggrieved Employees were not permitted to leave the premises for any purported rest periods. They were required to be available via radio or cell phone at all times. Plaintiff and Aggrieved Employees were not provided with compliant rest breaks. Defendants failed to provide all Aggrieved Employees with rest breaks of not less than 10 minutes per 4-hour work period, or major fraction thereof. On a regular and consistent basis, Defendants failed to provide all Aggrieved Employees with a third rest period despite regularly requiring Aggrieved Employees to work over 10 hours. As such, Defendants failed to provide all Aggrieved Employees with compliant rest periods. Further, Plaintiff and the Aggrieved Employees were not compensated with 1 hour of wages for each missed rest period as required by Code § 226.7.

Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Code provisions for which a civil penalty is not specifically provided.

### 9. Failure to reimburse necessary business expenses under Code § 2802.

Aggrieved Employees were not reimbursed for necessary business expenses. Section 2802 requires that an employer indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Defendants have failed to reimburse Plaintiff and Aggrieved Employees the cost of using their personal cell phones for business related purposes. Defendants required that Plaintiff and the Aggrieved Employees be available by cell phone and answer/use their cell phones while working and this was necessary to perform their job duties. These cell phones were not provided by Defendants, and Defendants failed to reimburse Aggrieved Employees for the costs associated with using these personal cell phones. They were also not reimbursed for the provision and use of personal protective equipment and other equipment and supplies necessary to perform their job duties

Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

### 10. Failure to pay minimum and overtime wages in violation of Code §§ 510, 515, 558, 1194, and 1198.

Both late payment and non-payment of minimum wages violate the state statute requiring the payment of a minimum hourly wage. The Labor Code requires an employer to compensate its employees at the minimum wage rate for all hours worked and at a rate of no less than one and one-half times the regular rate of pay for any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek.

Here, Plaintiff and other Aggrieved Employees were not paid at the proper corresponding rate for all hours worked, including overtime as a result of the following:

1. Defendants did not record actual hours and failed to pay for all time worked.
2. Defendants failure to pay for all time spent driving/and or travelling from site to site.

3. Aggrieved Employees routinely work "off the clock" to attend mandatory meetings beyond their scheduled time.
4. Plaintiff and the Aggrieved Employees are routinely paid until an arbitrary time in the day and not until they have actually ceased working.

Code § 558 imposes a civil penalty in addition to any other penalty provided by law of $50 for initial violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages, and $100 for subsequent violations for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

11. **Failure to keep complete and accurate payroll records.**

Defendants failed to keep complete and accurate payroll records relating to Aggrieved Employees in accordance with Code section 1174(d). Willful failure to maintain accurate and complete records required by section 1174(d) is subject to a civil penalty of $500. Cal. Lab. Code § 1174.5.

12. **Failure to furnish reporting time pay in violation of Applicable Wage Order § 5.**

Defendants failed to compensate for reporting time pay. Upon information and belief, Aggrieved Employees reported to work but were not put to work or not furnished at least half of the usual or scheduled hours. If an employee is required to report to work but is not put to work or is furnished less than half of the employee's usual or scheduled day's work, such Aggrieved Employee is entitled to be paid for half the usual or scheduled day's work. Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

13. **Failure to provide seating in violation of Wage Order § 14.**

Code § 1199 prohibits an employer from causing any employee to work under conditions of labor prohibited by an order of the Industrial Welfare Commission (IWC) or from violating, refusing, or neglecting to comply with any order of the commission's orders regarding wages, hours, and working conditions. Additionally, Labor Code § 1198 states that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees and forbids the employment of any employee under conditions of labor prohibited by the commission's wage orders. Section 14 of the applicable IWC Wage Order requires employers to provide employees with suitable seats when the nature of work reasonably permits the use of seats. Here, Defendants did not provide suitable seats for employees performing work as attendants even though the nature of work reasonably permitted the use of seats.

Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

14. **Failure to remit gratuity in violation of Code § 351.**

Code § 351 prohibits employers from collecting, taking, or receiving any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer. Every gratuity is declared to be the sole property of the employee or employees to whom it was paid, given, or left for.

Here, Defendants' customers leave tips for employees but the company retains part of the tip for itself and/or to distribute to the company's other workers or partners, in violation of Section 351.

15. **Improper payment of wages from out of state bank in violation of Code § 212.**

All Aggrieved Employees are paid with paychecks that violate Code § 212. Section 212 states in relevant part that:

Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

unless it is negotiable and payable in cash, on demand, without discount, at some
established place of business in the state, the name and address of which must appear on
the instrument, and at the time of its issuance and for a reasonable time thereafter, which
must be at least 30 days, the maker or drawer has sufficient funds in, or credit,
arrangement, or understanding with the drawee for its payment.

Thus, payroll checks must be drawn on an institution located within the state of California. Here,
Defendants issued wages to all Aggrieved Employees with paychecks drawn from an out-of-state bank
in Pennsylvania in violation of Code § 212.

Code section 2699(f)(2) imposes a civil penalty of $100 per pay period per Aggrieved
Employee for initial violations, and $200 per pay period per Aggrieved Employee for subsequent
violations for all Labor Code provisions for which a civil penalty is not specifically provided.

**16. Personal Liability of Individual Defendant under Code § 558.**

Defendant Diana Flores was an employer and/or "other person acting on behalf of an employer
who violates, or causes to be violated, a section of this chapter or any provision regulating hours and
days of work in any order of the Industrial Welfare Commission." Diana Flores was an HR Coordinator
who had control over the payment of wages. Under Code § 558, Defendant Flores is responsible for the
civil penalties for violation of minimum wages, overtime wages, meal and rest breaks, and reporting
time pay.

Aggrieved Employees are entitled to recover as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay
period for which the employee was underpaid in addition to an amount sufficient to
recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid
employee for each pay period for which the employee was underpaid in addition to an
amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 558(a).

**17. Personal Liability of Individual Defendants under Code § 1197.1**

Defendant Diana Flores was an employer and/or "other person acting either individually or as an
officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage
less than the minimum fixed by an applicable state or local law, or by an order of the Commission."
Defendant Diana Flores was an HR Coordinator who had who had control over the payment of wages
and intentionally caused Aggrieved Employees to be paid less than was required by the Labor Code and
the Applicable Wage Order. Defendant is responsible for minimum wage restitution, liquidated damages
and Code § 203 penalties. Aggrieved Employees are entitled to recover as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100)
for each underpaid employee for each pay period for which the employee is underpaid.
This amount shall be in addition to an amount sufficient to recover underpaid wages,
liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed
pursuant to Section 203.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars
($250) for each underpaid employee for each pay period for which the employee is
underpaid regardless of whether the initial violation is intentionally committed. This
amount shall be in addition to an amount sufficient to recover underpaid wages,
liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed
pursuant to Section 203.

(3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section
203, recovered pursuant to this section shall be paid to the affected employee.

Cal. Lab. Code § 1197.1(a).

**WHEREFORE,** Plaintiff prays judgment as follows:

1.      That the Court certify a Class Action.

2.      That, under the First Cause of Action, it be adjudged that the failure of Defendants to make payment of Plaintiff's and Class Members' wages was in violation of section 201, 202, and 204 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against Defendants in favor of Plaintiff and Class Members. That judgment be entered in favor of Plaintiff, and Class Members in an amount prescribed by section 203 of the California Labor Code, in the sum of at least $400,000 and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

3.      That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff, not including interest thereon, reasonable attorneys' fees and cost of suit, and enter judgment in favor of the Class Members against Defendants in the amount of damages, interest, and costs, according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of Labor Code section 226(e).

4.      That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members and award them their damages, penalties, and costs of suit, all according to proof, pursuant to section 218.5 and other relevant sections of the Labor Code.

5.      That, under the Fourth Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members and award them their damages, penalties, and costs of suit, all according to proof, pursuant to section 218.5 and other relevant sections of the Labor Code.

6.      That, under the Fifth Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members in the amount of unpaid overtime wages according to proof, including interest thereon, reasonable attorneys' fees and cost of suit, and enter judgment against Defendants in the amount of damages according to proof, interest thereon, reasonable attorneys' fees and cost of suit.

7.      That, under the Sixth Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members and award them their damages, penalties, liquidated damages, reasonable attorney's fees and costs of suit, all according to proof, of no less than $400 for Plaintiff, pursuant to section 218.5, 1194, 1194.2 and other relevant sections of the Labor Code.

8.      That, with respect to the Seventh Cause of Action this Court enter judgment in favor of Plaintiff and Class Members against Defendants in an amount according to proof, interest thereon, costs and reasonable attorney's fees.

9.     That, with respect to the Eighth Cause of Action, this Court enter judgment in favor of Plaintiff and Class Members against all Defendants in an amount according to proof, interest thereon, costs and reasonable attorney's fees in accordance California Labor Code section 2802(c).

10.     That, with respect to the Ninth Cause of Action, this Court enter judgment in favor of Plaintiff against Defendants of $750, reasonable attorney's fees, and the costs of bringing this cause of action under Labor Code Section 226(b) and (f).

11.     That, under the Tenth Cause of Action, it be adjudged that Defendants' violations of the applicable Wage Order and above cited sections of the California Labor Code, and violated section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendants to pay restitution with interest to Plaintiff and Class Members.  Finally, Plaintiff requests that the Court award Plaintiff's reasonable attorneys' fees and costs, pursuant to section 218.5 of the Labor Code and section 1021.5 of the California Code of Civil Procedure.

12.     That, with respect to the Eleventh Cause of Action this Court award Plaintiff, the State of California, and other former and current Aggrieved Employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to the cited sections of the Labor Code and the applicable Wage Orders as heretofore articulated.

13.     For such further relief as the Court may order, including attorney's fees, costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5, in an amount according to proof.

DATED:  September 30, 2020                    HARRIS & RUBLE

                                              *Alan Harris*
                                              Alan Harris
                                              *Attorney for Plaintiff*

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, end address):* | FOR COURT USE ONLY |
|---|---|

Alan Harris (SBN 146079)
Harris & Ruble
655 North Central Ave, 17th Floor
Glendale CA 91203
TELEPHONE NO.: 323.962.3777        FAX NO.: 323.962.3004
ATTORNEY FOR *(Name):*

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

SEP 30 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 North Hill St
MAILING ADDRESS: 111 North Hill St
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Schroeder v. Host International, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **20STCV37525**  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  11
5. This case ☑ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 30, 2020
Alan Harris
_____
(TYPE OR PRINT NAME)

▶ */s/ Alan Harris*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]       **CIVIL CASE COVER SHEET**       Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

# COPY

| SHORT TITLE: Schroeder v. Host International, Inc. et al. | CASE NUMBER 20STCV37525 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**BY FAX**

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Schroeder v. Host International, Inc. et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Schroeder v. Host International, Inc. et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Schroeder v. Host International, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___September 30, 2020___

*Alan Harris*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/30/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ K. Vargas _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV37525 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Kenneth R. Freeman | 14 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    **Sherri R. Carter, Executive Officer / Clerk of Court**

on 10/01/2020                                                   By K. Vargas _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

   Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: **Case Manager (213) 253-9776** mdawson@jamsadr.com
   - Mediation Center of Los Angeles: **Case Manager: (833) 476-9145** info@mediationLA.org

   **These organizations cannot accept every case and they may decline cases at their discretion.**

   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.

   NOTE:  This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

**Los Angeles Superior Court ADR website:** **www.lacourt.org/division/civil/settlement**
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm